# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

JONATHAN V. NEELY,

        Petitioner,       :        Case No. 3:12-cv-187

  - v -                           **District Judge Thomas M. Rose**
                                      **Magistrate Judge Michael R. Merz**

**DEBRA TIMMERMAN-COOPER,**
 **WARDEN,**  London Correctional Institution,

        Respondent.       :

# REPORT AND RECOMMENDATIONS

This habeas corpus case is before the Court for initial review pursuant to Rule 4 of the Rules Governing § 2254 Cases which provides in pertinent part:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

The Petition avers that Mr. Neely was convicted of felony drug trafficking and sentenced to five years imprisonment which he is now serving in Respondent's custody. After litigating a motion to suppress, he pled no contest and was sentenced. The conviction was affirmed on direct appeal and the Ohio Supreme Court declined jurisdiction of a further appeal.

Petitioner pleads one Ground for Relief, to wit,

> **Ground One:** Conviction obtained by use of evidence procured in violation of Petitioner's protection against unconstitutional search and seizure, a violation of the Petitioner's Fourth Amendment right regarding the same & his 14th Amendment right.
>
> **Supporting Facts:** The Petitioner's Fourth Amendment right to the expectation of privacy in connection to his telephone conversations had between himself and another citizen of the United States of America, being searched, seized [sic] and used against him in a criminal proceeding without a warrant being obtained prior to the seizure of the same supports the ground for relief relied upon by the Petitioner.

(Petition, Doc. No. 1-1, PageID 12.)

As a general proposition, the Fourth Amendment to the United States Constitution is binding on the States and enforceable by excluding evidence seized in violation of the Fourth Amendment from criminal prosecutions. *Mapp v. Ohio*, 367 U.S. 643 (1961). However, federal habeas corpus relief is not available to state prisoners who allege they were convicted on illegally seized evidence if they were given a full and fair opportunity to litigate that question in the state courts. *Stone v. Powell,* 428 U.S. 465 (1976). *Stone* requires the district court to determine whether state procedure in the abstract provides full and fair opportunity to litigate, and Ohio procedure does. The district court must also decide if a Petitioner's presentation of claim was frustrated because of a failure of the state mechanism. Habeas relief is allowed if an unanticipated and unforeseeable application of procedural rule prevents state court consideration of merits. *Riley v. Gray*, 674 F.2d 522 (6th Cir. 1982). The *Riley* court, in discussing the concept of a "full and fair opportunity," held:

> The mechanism provided by the State of Ohio for resolution of Fourth Amendment claims is, in the abstract, clearly adequate. Ohio R. Crim. P. 12 provides an adequate opportunity to raise Fourth Amendment claims in the context of a pretrial motion to suppress, as is evident in the petitioner's use of that procedure. Further, a criminal defendant, who has unsuccessfully sought to suppress evidence, may take a direct appeal of that order, as of

> right, by filing a notice of appeal. See Ohio R. App. P. 3(A) and Ohio R. App. P. 5(A). These rules provide an adequate procedural mechanism for the litigation of Fourth Amendment claims because the state affords a litigant an opportunity to raise his claims in a fact-finding hearing and on direct appeal of an unfavorable decision.

*Id*. at 526.

In this case Petitioner was given a full and fair opportunity to litigate his Fourth Amendment claims. His counsel filed a motion to suppress which was heard in the Common Pleas Court. Ohio gives a criminal defendant the option of preserving a Fourth Amendment claim for appeal by pleading no contest and Mr. Neely exercised that right. He then appealed to the Second District Court of Appeals, represented by new counsel, and principally relied on his Fourth Amendment claim. He did not prevail, but there is nothing he has presented to this Court which shows he did not receive a full and fair opportunity to litigate his Fourth Amendment claim.

It is therefore respectfully recommended that the Petition herein be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied any requested certificate of appealability and this Court should certify to the Sixth Circuit that any appeal would not be taken in objective good faith.

June 15, 2012.

                   s/ **Michael R. Merz**
                     United States Magistrate Judge

# NOTICE REGARDING OBJECTIONS

Pursuant to Fed.R.Civ.P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed.R.Civ.P. 6(e), this period is automatically extended to seventeen days because this Report is being served by one of the methods of service listed in Fed.R.Civ.P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See, United States v. Walters,* 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).